NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0157n.06

Case No. 08-6356

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Mar 15, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| BRANDY DELONG; BETTY DELONG, Guardian/representative - Brandy Delong, | ) ) ) | |
| Plaintiffs - Appellants, | ) ) | |
| v. | ) ) | |
| JASON ARMS; LARRY VANHOOSE; CITY OF PAINTSVILLE; JOHN DOE; JANE DOE; K-V-A-T FOOD STORES, INC., dba Food City, Inc., | ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| Defendants, | ) ) | |
| and | ) ) | |
| JOHNSON COUNTY;  BIG SANDY REGIONAL DETENTION CENTER; CHESTER GRIFFITH, | ) ) ) ) | |
| Defendants - Appellees. | ) ) | |

BEFORE:  BATCHELDER, Chief Judge; GRIFFIN, Circuit Judge; TARNOW[*], District Judge.

**ALICE M. BATCHELDER, Chief Judge.**  Brandy Delong and her guardian, Betty Delong ("the Delongs"), brought this action against multiple defendants, including: Big Sandy Regional Detention Center ("Big Sandy"); John Doe, an agent of Big Sandy; K-V-A-T Food Stores, Inc. dba

_____

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

Food City, Inc. ("Food City"); and Jane Doe, an agent of Food City, asserting claims under 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12132, and state law, for injuries alleged to have occurred as a result of Brandy Delong's apprehension for theft by unlawful taking, disorderly conduct, assault on a police officer, and resisting arrest. The district court granted summary judgment or dismissed with prejudice all claims against all parties except for one claim against Food City, which proceeded to trial. As to that claim, the district court denied the Delongs' motion and objection regarding jury instructions on punitive damages. The jury returned a verdict in favor of the Delongs, but found damages only in the amount of $1.00. The Delongs appeal. For the reasons that follow, we affirm.

While Brandy Delong, who is mentally disabled, and her mother, Betty Delong, were shopping at the Food City store in Paintsville, Kentucky, on April 9, 2005, Brandy concealed some DVDs in her clothing and attempted to leave the store with them. Food City employees detained Brandy, questioning her first in the front of the store, and then, after Brandy became disruptive and was joined by Betty, they moved the conversation to a back room. The Paintsville, Kentucky, police were called during the encounter and Officers Jason Arms and John Epperson responded. Soon after their arrival, Brandy kicked Officer Arms and the officers arrested her for theft by unlawful taking, disorderly conduct, assault on a police officer, and resisting arrest. Officer Arms transported Brandy to the Big Sandy Regional Detention Center ("Big Sandy"), where Big Sandy employees completed the standard intake procedure, including a medical questionnaire. During this process, Brandy exhibited none of the signs that prison officials say would normally lead them to find an individual unfit for incarceration (e.g., non-responsiveness). Brandy was held in a cell at the Center for approximately six hours and claims that, while there, she suffered an "episode" due to the stress of

2

her incarceration.

The Delongs filed suit and, on May 31, 2006, filed a First Amended Complaint against Officer Arms; Larry Vanhoose, Paintsville's police chief; the City of Paintsville; Chester Griffith, the Johnson County Jailer; John Doe, Johnson County Deputy Jailer; Johnson County, Kentucky; Big Sandy; Food City; and Jane Doe, a Food City employee. The 30-count complaint asserted claims under 42 U.S.C. § 1983 for violations of the Delongs' First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights; claims under and related to the ADA, 42 U.S.C. § 12132; and pendent claims under Kentucky law against Johnson County and Big Sandy for negligent supervision and negligent hiring.

The defendants moved for summary judgment and the Delongs responded. The district court granted summary judgment to the defendants on all counts except: the § 1983 official-capacity claims against John Doe as the agent of "Johnson County and/or [B]ig Sandy Regional Detention Center," which the court construed as claims against Big Sandy; the negligence claim against Jane Doe as an employee of Food City; and the unlawful detention/false imprisonment claim against Food City. In a subsequent order, the district court: denied, on statute-of-limitations grounds, the Delongs' motion to amend their complaint in order to identify the Doe defendants and to extend the time for issuance of summons, which had the effect of dismissing the claims against the Doe defendants; dismissed as moot the motion of Big Sandy and the other defendants for dismissal of the claims against John Doe; and dismissed all remaining claims against all parties except the unlawful detention/false imprisonment claim against Food City. Finally, the district court denied reconsideration of those dismissals. The claim against Food City proceeded to jury trial and resulted in a judgment in favor of the Delongs in the total sum of $1.00.

3

The Delongs filed a timely notice of appeal, challenging only the district court's orders granting summary judgment to Big Sandy, "granting Big Sandy Regional Detention Center's Motion to dismiss all counts against defendant John Doe. . . with Reconsideration denied. . .," and denying the Delongs' motion for a jury instruction on punitive damages. After careful review of the First Amended Complaint — characterized accurately and charitably by the district court as "scattershot" — and the district court's orders, we feel safe in saying that the Delongs' notice of appeal raises only the § 1983 and state law claims against Big Sandy and its agent John Doe arising from and relating to Brandy Delong's six-hour incarceration and the claims that Big Sandy violated Brandy Delong's rights under the ADA.

After their initial brief on appeal was filed, the Delongs moved to dismiss Food City, John Doe, and Jane Doe as parties to this appeal, and we entered an order granting that motion. The Delongs' Notice of Appeal, of course, makes no mention whatever of K-V-A-T Food Stores dba Food City or Jane Doe but, in any event, after that order, all that remains before us is (1) the district court's summary judgment in favor of Big Sandy on the claims brought directly against it and not against John Doe, *see City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (no liability for entity that employed individual sued in official capacity absent finding of wrongdoing by that individual) and *Monday v. Oullette*, 118 F.3d 1099, 1105 (6th Cir. 1997) (same), and (2) the denial of the Delongs' motion/objection regarding the jury instructions on punitive damages. The only claims brought directly against Big Sandy are for alleged violation of the ADA and for breach of the "statutory duty placed on [Big Sandy] by the ADA," a breach of duty that the Delongs claim constitutes "negligence per se."

Turning first to the district court's denial of the Delongs' motion and objection regarding a

jury instruction on punitive damages, we have searched the Delongs' brief before us in vain for any mention whatsoever of that issue. Accordingly, we hold that issue waived. *See Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005).

The district court granted summary judgment to Big Sandy on the Delongs' ADA claim and their state law negligent-hiring and negligent-supervision claims, finding that as to each of those claims, the Delongs had failed to present evidence to support all of the claim's elements. The court held that the Delongs had conceded that their negligence-per-se and respondeat-superior claims against various other defendants could not be sustained as a matter of law, and that these claims against Big Sandy — although not conceded by the Delongs — failed for the same reasons.

We note that the Delongs' brief on appeal contains a brief general discussion of § 1983 — which is not relevant to any issue remaining before us in this appeal — and contains no legal argument specific to the ADA. We have nonetheless carefully reviewed the record, the controlling law, and the parties' briefs, and considered, as well, the parties' oral arguments, and we conclude that the district court's opinion and order contains no reversible error. *See Delong v. Arms*, Civ. No. 06-77-GFVT, 2007 WL 4510323 (E.D. Ky. Dec. 21, 2007). Because issuance of a full opinion would serve no jurisprudential purpose, and would be duplicative, we **AFFIRM** the judgment of the district court.